IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:  ALL CRIMINAL MATTERS ASSIGNED TO JUDGE TIMOTHY M. CAIN | ) ) ) ) ) ) **STANDING ORDER** |

In addition to the Federal Rules of Criminal Procedure and this District's Local Criminal Rules, the following rules apply to all criminal matters before the undersigned:

1. **Court Appearance.** All attorneys must be present thirty minutes prior to all court appearances. Defense counsel is responsible for assuring that defendants and material witnesses are properly dressed for court appearances. Likewise, the U.S. Attorney's Office is responsible for the proper dress of the government's material witnesses.

2. **Voir Dire.**[1] At least seven (7) calendar days prior to jury selection, all voir dire requests must be emailed to chambers at cain_ecf@scd.uscourts.gov. See Local Criminal Rule 26.04(A) DSC. The request forms may be found at www.scd.uscourts.gov. Prior to submitting any voir dire requests, the parties must confer and determine if they can agree on these requests. If so, the agreed upon requests must be submitted as joint submissions. The parties must also submit a list of witnesses and, if relevant, their addresses and occupations. If you intend to seek special voir dire, you must certify that the questions you wish to ask are not duplicative of those asked in the juror questionnaire.[2]

---

[1] The court will ask potential jurors during jury selection if they know or have any connection with any of the attorneys, parties, or witnesses listed by either party in their pretrial briefs. The court will also summarize the allegations and ask if any potential juror is familiar with the dispute or has any preconceived views that may impair his or her ability to be impartial.

[2] This district requires potential jurors to complete an extensive Juror Questionnaire. A sample questionnaire is available on the district's website (www.scd.uscourts.gov). The questionnaire is intended to provide more thorough information to counsel than would otherwise be available and to minimize the time necessary to conduct voir dire.

**3. Requests to Strike Jurors for Cause.** Joint Strikes for Cause must be filed with the court no later than two days prior to jury selection. In trials involving more than one defendant, the defense must select one spokesperson for the purpose of jury selection. Pursuant to Fed. R. Crim. P. 24(b)(2), the defendant or defendants jointly have ten (10) peremptory challenges in non-capital felony cases.

4. **Jury Instructions.** Parties must file their proposed jury instructions with the court at least seven (7) calendar days before trial. *See* Local Criminal Rule 26.04 DSC. Do not submit repetitive requests for the same legal concept in your proposed jury instructions. Additionally, each requested instruction should contain a citation of authority with references to specific sections or pages. If unreported decisions are relied upon for support, copies of these decisions must be attached to the jury charge request. Objections to proposed jury instructions must be filed with the court at least (4) calendar days prior to trial.

5. **Meet, Mark, and Exchange Exhibits.** No later than seven (7) calendar days before the trial date, the attorneys for each side must meet for the purpose of agreeing and marking all exhibits to be used at trial, and, where possible, agree on the admissibility of trial exhibits. In the event there is an objection to any exhibit, the opposing party must file objections with the Court at least four (4) days prior to trial. After the exhibit list is prepared, the parties are not to re-number the exhibits. If items are deleted, the exhibits should be struck through and marked as withdrawn. The Government may wait until the day of the trial to mark fungible evidentiary items such as drugs, money, etc.

6. **Proposed Orders.** Do not file proposed orders in CM/ECF and do not submit proposed orders as a result of oral argument unless requested to do so. In the event a proposed order is requested, or otherwise appropriate, counsel should e-mail a copy of the proposed order and the

related motion to cain_ecf@scd.uscourts.gov in Microsoft Word or WordPerfect format (double-spaced), and the e-mail should be copied to opposing counsel. The e-mail subject line should include the case number and the short form of the case name. The e-mail should indicate if the order was requested or if it relates to a corresponding motion.

7. **Plea Agreements and Element Sheets.** Plea Agreements and Element Sheets must be filed with the Court no later than twenty-four hours prior to a plea hearing.

8. **Electronic Courtroom System**. Counsel are required to use the electronic courtroom presentation system during trial. If counsel has not undergone electronic courtroom training, contact Pam Brissey in the Clerk of Court's Office (864-241-2708) regarding use of the electronic system. However, note that training will not be conducted the day prior to trial or during trial.

9. **Continuances.** Motions to Continue shall state a reason under 18 U.S.C. § 3161(h)(7)(B) why a continuance is requested. Motions and proposed orders from defense counsel must certify that (1) defense counsel has specifically advised the defendant of his/her rights under the Speedy Trial Act and (2) that by requesting the continuance or consenting thereto, the defendant has waived the right to a speedy trial. This shall be deemed an affirmative representation by counsel as an officer of the court. The motion must also state that counsel has consulted with the Assistant United States Attorney ("AUSA") assigned to the case and indicate if the AUSA consents.

10. **Objections to Presentence Investigation Reports. Motions for variance or departure.** Fed. R. Crim. P. 32(e)(2) requires that the United States Probation Office (USPO) must provide the presentence investigation report (PSR) to the defense at least 35 days before sentencing unless the defendant waives the minimum period. Fed. R. Crim. P. 32(f) provides that within 14 days after receiving the PSR, the parties must state any objections in writing, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted

from the PSR. An objecting party must provide a copy of its objections to the opposing party and to the probation officer, who is required to submit to the parties and the court an addendum to the PSR containing any unresolved objections. These time requirements afford the parties and the court the opportunity to study and review the PSR prior to the sentencing hearing.

Fed. R. Cr. P. Rule 32(h)(i)(1)(D) provides that at sentencing the court may, for good cause, allow a party to make a new objection at any time before the sentence is imposed. However, dilatory conduct, procrastination, or lack of diligence on the part of counsel is not considered "good cause" within the meaning of the rule. Further, a lawyer is required to act with reasonable diligence and promptness in representing a client. 1.3, RPC, Rule 407, SCACR. Accordingly, counsel should be mindful of and adhere to the time requirements for filing objections to the PSR. Motions for variance or departure may address matters set forth in timely filed objections but should not be used as a vehicle to circumvent the time requirements for filing objections to the PSR.

Upon receipt of the PSR, the court begins the process of preparing for sentencing. This process includes a thorough review of the case file, information presented at the plea hearing or trial, review of the PSR and any objections thereto. Sentencing hearings are scheduled well in advance to allow the parties adequate time to prepare. Much effort and coordination are involved between court staff, the USPO, United States Marshal's Service, interpreters, court reporters and others in scheduling sentencing hearings. This is done in part as an accommodation to avoid scheduling conflicts on the part of counsel who often appear in multiple hearings in different courts on the same day.

The court recognizes that the Government may have legitimate reasons, such as the need to protect cooperators, for waiting to file a motion for a downward departure. However, the court is mindful of a disturbing trend on the part of some attorneys to file motions and supporting

memoranda for variance or departure from the sentencing guidelines shortly before the sentencing hearing, often on the day before or even the day of the hearing. Whether such action is due to the failure to prepare for sentencing in a timely manner, to place the opposing party at a disadvantage with little time to respond, or other reasons, in the interests of justice, the court finds it necessary to establish deadlines for the filing of such motions so as to allow all parties the opportunity to respond and the court the opportunity to adequately consider the same prior to the sentencing hearing.

Accordingly, in all criminal cases assigned to the undersigned, counsel shall abide by the time requirements for filing objections to the PSR as set forth above. In the event counsel deems it necessary to file an objection outside of this deadline, a motion to file out of time must be filed which sets forth with particularity the reason the motion could not be timely filed and the good cause therefor, together with the proposed objection.

Sentencing memorandums, or any motion concerning sentencing including motions for departure or variance from the sentencing guidelines, or motions to reduce sentence must be filed no later than 14 days prior to the sentencing hearing. Responses are due 7 days prior to sentencing. Any such motion filed outside of these deadlines should be accompanied by a motion to file out of time which sets forth with particularity the reason the motion could not be timely filed, and which sets forth good cause therefor.

If a motion for variance or departure is construed as an untimely objection to the PSR, the court reserves the right to require counsel to follow the filing procedure set forth above so as to allow the USPO and opposing party the opportunity to respond.

Given the court's significant caseload and strains on limited judicial resources, if the unjustified failure of counsel to abide by these time requirements necessitates the postponement

and rescheduling of a sentencing hearing, sanctions may be imposed and/or costs assessed as provided by law. In cases with counsel appointed pursuant to the Criminal Justice Act, the court will carefully consider whether counsel should be compensated at public expense for attendance at a second hearing necessitated by counsel's own conduct.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge